International & Great Northern Railway Co. v̇. Allen Emery.

Delivered November 18, 1896.

1. **Injury to Railroad Brakeman—Cause Not Matter of Law.**

Evidence that a brakeman while setting a brake slipped and fell over the end of the car and caught and held to the brake, but was thrown to the ground and injured on account of the defective condition of the brake, does not warrant the court in holding as a matter of law that his injury resulted from a risk incident to his employment, or a defect so obvious that he should have known of it.

2. **Same—Risk Incident to Employment—Charge of Court.**

A charge that the jury would find for defendant, unless they believed that plaintiff was injured, as alleged, by reason of the negligence of the defendant, and without contributory negligence on his part, and unless they believed that the injury was not caused by a risk ordinarily incident to the employment in which plaintiff was engaged, is not subject to objection on the ground that it indicated that defendant would be liable if plaintiff's injuries were caused by a risk ordinarily incident to his employment, or that, in order to find for defendant, the jury must believe that the injury was not caused by such risk.

3. **Same—Same—Negligence of Master—Charge of Court.**

A charge that, "while an employe of a railroad company assumes the risks ordinarily incident to the service in which he is employed, yet he does not assume the risks which result through the negligence of the master," is not subject to the objection that it indicated that the master's negligence would make him liable, irrespective of plaintiff's knowledge of such negligence, and of his failure to use ordinary care to avoid injury, where the court also charged that, in order to entitle plaintiff to recover, he must prove that his injuries were caused by the defendant's negligence, and that he did not, and could not by the exercise of ordinary care, know of such negligence.

4. **Charge of Court—Requested Instruction—No Evidence.**

The court properly refused a requested instruction, when there was no evidence making it applicable to the case.

Appeal from Harris.    Tried below before Hon. S. H. Brashear.

*Jones & Garnett*, for appellant.—1.    Authorities in support of the first assignment:   Railway v. Hester, 64 Texas, 401; Railway v. Dillard, 70 Texas, 62.

2.    Authorities in support of the second assignment:   Railway v. Bradford, 66 Texas, 735; Railway v. Hall, 1 Texas Civ. App., 225; Railway v. McLain, 80 Texas, 87; Railway v. Somers, 78 Texas, 443; Railway v. Drew, 59 Texas, 11; Railway v. Myers, 55 Texas, 116; Railway v. Doyle, 49 Texas, 198; Wharton's Law of Negligence, 200-214.

*Henry F. Fisher*, for appellee.—1.    The charge complained of in the first assignment was not only a correct exposition of the law of the case, but exceedingly favorable to appellant—and, taken in connection with the entire charge, was clear and not confusing.   Railway v. Stewart, 57 Texas, 166; Kaufman v. Babcock, 67 Texas, 241; Rost v. Railway, 76 Texas, 168.

2.    The charge complained of in the second assignment was emi-

nently appropriate and the law. Railway v. Silliphant, 70 Texas, 624; Dillingham v. Harden, 6 Texas Civ. App., 474; Wood's Master and Servant, (2nd ed.) pp. 714, 738.

3. On the proposition that it is improper for the court to charge on an issue not sustained by the evidence: Railway v. Gilmore, 62 Texas, 391; Railway v. McCoy, 31 S. W. Rep., 304.

JAMES, CHIEF JUSTICE.—Appellee, a brakeman in appellant's employ, was injured in setting a brake. The iron appliance fastened to the car, called a "dog," which caught in the racket and held the brake when set, was defective in being loose. Plaintiff, in setting the brake, slipped and fell over the end of the car, catching or holding to the brake; and in endeavoring to get back on the car, the dog was released from the racket, causing the wheel to spin, and plaintiff to be thrown off and injured, resulting in the loss of an arm. Negligence of appellant was claimed to exist in not having a foot-board on the car for brakemen to stand on while operating the brake, also in not exercising proper care in reference to the condition of the brake.

In addition to the facts above stated, we find that there was no foot-board on this car; that the evidence shows that such appliance was generally in use to protect the brakemen from slipping, in case of jolts. Also, we find from the uncontradicted evidence that the brake was defective in respect to the dog, and that the defect was not latent, but discoverable by ordinary inspection. Also, that there is no evidence that this particular car had been inspected, and no evidence concerning the condition of this "dog," except that of the plaintiff, which was that it was defective in being loose, and that he observed this for the first time when holding on to the brake attempting to climb back. Plaintiff also testified that the brake would not have been released, and he would have gotten back safely had the dog been in proper condition. There was no contradiction of this. There is no claim that the verdict was excessive.

With the exception of the fifth and sixth assignments, the errors complained of are in reference to the charges. The evidence was not such as would warrant the court in holding, as a matter of law, that plaintiff's injury resulted from a risk incident to his employment and from a negligent act of defendant, the consequences of which he would have avoided by the exercise of reasonable care. Had there been no cause but the absence of a platform or foot-board, to which the injury could be assigned, there might be something in the proposition (plaintiff being an experienced brakeman) that the defect or danger was obvious, and, that under the circumstances, he should be held to have known of it. But it would clearly be going too far to hold him to a previous knowledge of the insufficiency of the brake, under the circumstances of this case. He testified that he did not know of it until he was trying to get back, after having fallen over; that he observed it then, and would have safely returned to his place but for this defect.

This could therefore stand as the proximate cause of his injury, and it was proper, under the evidence, to submit to the jury the question whether or not his failure to know of this defect was due to the want of reasonable care on his part.

The first error assigned is to the following charge: "Unless you believe that plaintiff was injured, as he alleges, by reason of the negligence such as alleged in his petition (if any) of defendant company, and without negligence on his part causing or contributing thereto and concurring therein wholly or partly, as above instructed, and unless you believe that the injury was not caused by a risk ordinarily incident to the employment in which he was engaged, you will find for the defendant."

The objections urged are, (1) that the charge indicated that, if plaintiff's injuries were caused by a risk ordinarily incident to his employment, defendant would be liable; and (2) that it indicated that, in order to find for defendant, the jury must believe from the evidence that the injury was not caused by such risk. The charge will not bear the construction sought to be placed on it. It simply informed the jury that plaintiff could not recover unless, in addition to proving that his injury came from the negligence of defendant, without negligence on his part, it also appeared that it did not result from a risk that he assumed by his employment.

The second assignment complains of this clause of the charge: "While an employe of a railroad company assumes the risks ordinarily incident to the service in which he is employed, yet he does not assume the risks which result through the negligence of the master." Appellant criticizes this charge as an abstract proposition, without any reference to explanatory clauses in the charges.

The only objection presented is that it indicated that the master's negligence would make him liable, irrespective of plaintiff's knowledge of such negligence, and of his continuing in the employment after such knowledge, and irrespective of plaintiff's failure to use ordinary care in avoiding injury from the assumed risk. At appellant's request the court gave the following charge, which was evidently intended by defendant's counsel to cure the very defect complained of, to-wit: "In order to entitle plaintiff to recover in this cause, he must prove to the jury by a preponderance of evidence that his injuries were caused by the defendant's negligence in permitting its cars to be run without sufficient foot-boards or brakes, and that such injury, if any, was caused by such negligence, if it existed, and that the plaintiff did not, or by the exercise of ordinary care and diligence could not, know of such negligence. If plaintiff has not proven this by a preponderance of evidence, then you will find for the defendant."

The charge which is the subject of the third assignment was properly refused. The jury were sufficiently instructed respecting all matters presented in this charge, except what is embodied in the following sentence thereof: "You are further instructed that the defendant is not

responsible for defects in its cars or machinery that, by the use of care and diligence, the defendant could not have discovered before the accident to plaintiff occurred."

There was no evidence that would have made this charge applicable to the case. There was nothing to indicate that the defect in the appliance was latent.

The charge referred to in the fourth assignment would have been a repetition of what was given.

No error has been shown, and the judgment is therefore affirmed.

Writ of error refused.                                    *Affirmed.*